## In re LEVIN.

Court of Customs and Patent Appeals. Feb. 21, 1930.

Patent Appeal No. 2220.

Cushman, Bryant & Darby, of Washington, D. C. (Arlon V. Cushman, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. This is an appeal from the decision of the Board of Appeals of the Patent Office, rejecting claims 13 and 17 of appellant's application for patent on improvements in rotary engines. Said claims 13 and 17 are as follows:

"13. In a machine of the class described, the combination of a pair of rotors having intermeshing teeth, a casing having a curved wall fitted substantially airtight to the teeth of the rotors on the inlet side and an open exhaust chamber on the outlet side of said rotors, and means for deliverying fluid pressure through said curved wall to the interspaces between the wall and rotor teeth."

"17. In a machine of the class described, the combination of an open casing divided by a curved partition wall having a pressure inlet port into a rotor chamber and a fluid pressure chamber, a pair of rotors mounted in said open chamber with their teeth in substantially air-tight contact on the inlet side with said curved wall, and means for delivering fluid pressure to said fluid pressure chamber and through said pressure inlet port in said curved wall to the interspaces between the teeth of said rotors and said curved wall."

The claims were rejected by the Board on reference to Backstrom, No. 572,946, dated December 15, 1896. The examiner also cited Keats, No. 981,862, dated January 17, 1911, and Taylor, No. 1,152,862, dated September 7, 1915, as references.

The appellant insists as to claim 13 that the feature therein specified "an open exhaust chamber on the outlet side of said rotors" is new to the art and patentable. As to claim 17, he insists that the language "a fluid pressure chamber" is sufficient, together with the further language "an open casing," to differentiate his invention from the references.

The cited patent to Backstrom is a steam engine, consisting of two cylindrical rotating drums with teeth which intermesh, and which receive a jet of steam directed against them, and the force of which causes the drums to revolve in opposite directions. The steam, after having performed its function, passes through between these drums and exhausts, through portholes into an open chamber above the drums, and separated from said drums by a solid metal wall except where said portholes are located. The only openings in the walls surrounding said drums are the ports above mentioned.

The device of applicant here has similar metallic walls surrounding the bottom portion of the rotors, and with an opening through which the actuating fluid enters and strikes the intermeshing tooth blades of the rotors. After the actuating fluid has passed through the rotors, it exhausts into the upper portion of the casing. No walls surround the upper portion of the rotors as are found below them. The appellant claims that his device thus differs from Backstrom, and that the chamber into which the actuating fluid exhausts is open, as contradistinguished from Backstrom, which he claims is not open.

The Board of Appeals held against his contention in this respect, holding that the language used was sufficient to cover either the Backstrom device or that of appellant. We agree with the Board of Appeals in this respect. An open chamber means a chamber having openings into it. Certainly, in the common language of the people, in speaking of an open chamber, one would not have in mind a chamber without any walls at all. So, in this case, the open chamber described in appellant's application is satisfied by an exhaust chamber which has an opening into it. It is probable the applicant has novelty in his mechanism. However, claims 13 and 17 are too general to give him the benefit and advantage of the same, in view of the cited references.

The decision of the Board of Appeals is therefore affirmed.

Affirmed.